**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| KIANDRA LOVE, | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT |
| | ) |
| EQUIFAX INFORMATION | ) |
| SERVICES, LLC | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Equifax Information Services, LLC for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq*.

## JURISDICTION & VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Kiandra Love is an adult individual residing in Florida.

5. Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Northern District

of Georgia and which has a principal place of business located at 1550 Peachtree St NW, Atlanta, GA 30309.U

## FACTUAL ALLEGATIONS

6.    Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least May 2024 through the present. The inaccurate information pertains to hard inquiries on Plaintiff's credit report.

7.    Specifically, Defendant is falsely reporting nine separate hard inquiries from Ally Financial, HDMNO LLC, Global Lending Service, Comenity, Equifax Mortgage, and Capital One.

8.    Plaintiff did not initiate or authorize the inquiries, and instead, they came about as a result of identity theft and fraud.

9.    The inaccurate information negatively reflects upon Plaintiff, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

10.    Defendant has been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that it has disseminated to various persons and credit grantors, both known and unknown. Defendant has repeatedly published and disseminated consumer reports to third parties from at least May 2024 through the present.

11.    Plaintiff has disputed the inaccurate information with Defendant by following Defendant's established procedures for disputing consumer credit information.

12.    Plaintiff has included an "identity theft report" with her disputes as that term is defined by the FCRA.

13.    Plaintiff has disputed the inaccurate information with Defendants from at least May 2024 through the present.

14.    Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing all but two of the hard inquiries on Plaintiff's credit report, and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least May 2024 through the present.

15.    Despite Plaintiff's efforts, Defendant has never:  (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16.    Despite Plaintiff's exhaustive efforts to date, Defendants has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to block the disputed information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about the Plaintiff.

17.    As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

18.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19.    At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA
### (Plaintiff v. Equifax)

20.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.    At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22.    At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23.    At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24.    Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-2, 1681e(b) and 1681i.

25.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26.    Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)    Such other and further relief as may be necessary, just and proper.


Respectfully submitted,

**WEINER & SAND LLC**


BY:    _/s/ *Jeffrey Sand*_____
Jeffrey Sand
js@wsjustice.com
Andrew Weiner
aw@wsjustice.com
WEINER & SAND LLC
800 Battery Avenue SE
Suite 100
Atlanta, GA 30339
(404) 205-5029


_/s/ *Joseph L. Gentilcore*_____
JOSEPH L. GENTILCORE, ESQUIRE
1600 Market Street

6

Suite 2510
Philadelphia, PA 19103
(215) 735-8600
jgentilcore@consumerlawfirm.com
*(pro hac vice application forthcoming)*

Dated: May 22, 2025                 ***Attorneys for Plaintiff***

7